

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00272-CR

---

HENRY CHRISTOPHER ROSALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 22-3610, Honorable Reed A. Filley, Presiding

---

July 21, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Henry Christopher Rosales, appeals from the trial court's order revoking his community supervision and imposing a two-year sentence of imprisonment. Appellant's court-appointed appellate counsel has filed an *Anders*[1] brief and a motion to withdraw. Because our independent review confirms that no arguable ground for appeal exists, we grant counsel's motion and affirm.

---

[1] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

BACKGROUND

In 2022, Appellant pleaded guilty to possession of a controlled substance in penalty group 1/1-B.[2] The trial court assessed a two-year sentence and a $1,000 fine, suspended the confinement, and placed Appellant on community supervision.

Nearly two years later, the State moved to revoke, alleging that Appellant had failed to report to his supervision officer for all but two months of his term and had failed to initiate or complete his required community service hours.[3] Appellant pleaded not true.

At the revocation hearing, the community supervision officer testified that Appellant had violated each of the alleged conditions. Appellant then testified on his own behalf. He explained that, after his first two reports, he stopped reporting because he lacked transportation, had become homeless, faced family problems, and had lost his mother. He said that he had asked to surrender but was told it was going to be okay, and he asked the trial court to continue him on supervision because his circumstances had improved. The trial court found that the State had proved the alleged violations, revoked community supervision, and imposed the aforementioned sentence. This appeal followed.

## *ANDERS* REVIEW

When appointed appellate counsel, after a conscientious examination of the record, concludes that an appeal is frivolous, counsel must file a brief identifying anything in the record that might arguably support the appeal. *Anders*, 386 U.S. 738 at 744.

---

[2] *See* TEX. HEALTH & SAFETY CODE § 481.115(b).

[3] The State also alleged several violations related to monetary provisions, such as probation fees, crime victims' fee, and his fine.

Counsel must also serve the client with a copy of the brief and the motion to withdraw and inform the client of the right to file a pro se response and a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). This Court, in turn, must independently examine the entire record to determine whether any nonfrivolous issue exists. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Appellant's counsel has certified that, after diligently searching the record, he has found no reversible error upon which an appeal may be predicated. Counsel provided Appellant with a copy of the *Anders* brief, the motion to withdraw, and the appellate record, and he notified Appellant of his rights to file a pro se response and a pro se petition for discretionary review. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). By letter, this Court also notified Appellant of his right to file a response. To date, none has been received.

Our independent review of the record confirms counsel's assessment that the appeal is wholly frivolous and without merit. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). Proof of any single violation of the conditions of community supervision is sufficient to support revocation. *Shirley v. State*, No. PD-0239-22, 2023 Tex. Crim. App. Unpub. LEXIS 369, at *14 (Tex. Crim. App. Aug. 23, 2023). The uncontroverted testimony that Appellant failed to report for all but two months of his supervision term, standing alone, supports the trial court's revocation order.

3

**CONCLUSION**

Finding no arguable ground for appellate review, we grant counsel's motion to withdraw and affirm the trial court's judgment.[4]

Lawrence M. Doss
Justice

Do not publish.

---

[4] Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.